Chancellor Hauves.
delivered the opinion of the court.
The case of Coppin vs. Craig, 7 Taunt. 243, relied on by the ap= p?»üat..t’s counsel, is certainly in point, to shew, that a purchaser at an auctioneer’s sale, may set off against the auctioneer, a debt due him by the owner of the goods; or by the person who was held out as owner, by the auctioneer, though he was not, in fact, owner. Tins is supported by Coppin vs. Walker, id. 237, that the purchaser may make payment to the owner, and this will be a defence to the action of the auctioneer ; and further, that payment to the person, who vras held out as owner, by the auctioneer, will be good, though ho wsfl not, ia fact, owner.
This is not at all inconsistent with the case of Williams vs. Millington, 1 Hy. Bl. 81. That case, as observed by Park, J. in Coppin vs. Walker, only decides, that the auctioneer may maintain aw action for goods sold by hint. He has a qualified property in the goods, in consequence of his lien for expenses, commissions, and auction duty. He might, therefore, have refused- to deliver the goods, until the price was paid; bdt having delivered them, he has parted with his lien. In Williams vs. Millington, possession of the goods was obtained by fraud, and it appeared that the auctioneer had actually paid over the price to the owner. It is like the case of a factor, who may maintain an action in his own name for goods sold by him, but there is no doubt but that the purchaser may set off a debí, due him by the principal ; or even in an action by the principal, may set off a debt due him by the factor, if he treated with the factor asr principal, and did not know the owner of the goods, George vs. Claggett, 7 T. R. 355, and Rabone vs. Williams, ib. n. The presiding judge states, that he thought the defendant had go right to pur- *155 olíase a debt or demand, of a third person, to set off against a poM lie auctioneer. Bui. from the previous statement, it does not appear, that the set off offered, hart been so purchased ; indeed, the contrary might be inferred. That can only be known, when the ©vadeaos* which was rejected, shall be received.
Pebonseatj-, Maztck, & Fotmt, for motion.
SoHH£®Ej£.a, contra.
Filed 3d May, 1836.
Motion gianted.
WM. HARPER.
We concur,
EEN&Y W. DESAUSSlillE,
JNO. B. O’NEALL,
J. JOHNSTON,
A. P, BUTLE8.
Eablh, J. absent.